SEXTON, Judge.
The defendants Rhonda Kay Barmore and David A. Darnell were jointly charged in the Fourth Judicial District, Parish of Ouachita, with the offense of possession of marijuana with intent to distribute. Subsequent to a jury verdict of guilty as charged on May 13, 1983, the defendant Darnell was sentenced on June 6,1983 to pay a fine of $1,000 or serve nine months in default thereof, and was also sentenced to six years at hard labor. On that same date, the defendant Barmore was sentenced to pay a fine of $400 or serve ninety days in default thereof, and also was sentenced to serve two years at hard labor. The two year term was suspended and the defendant Barmore was placed on supervised probation.
The defendants’ appeals were lodged separately here and are now consolidated for our consideration. The assignments of error are identical with respect to each defendant. Assignment of Error No. 3 is not briefed. It is thus considered abandoned. State v. Williams, 338 So.2d 672 (La.1976). Assignment of Error No. 1 asserts that the evidence at trial was insufficient to sustain a conviction of possession with intent to distribute. Assignment of Error No. 2 contends the trial court erred in denying a motion for new trial based on a contention of insufficient evidence. Thus the sole issue in this appeal is whether, upon viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendants guilty beyond a reasonable doubt of the offense for which they were convicted. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The record reflects that on April 25, 1982, police officers executed a search warrant at the residence where the two defendants were living. Ms. Barmore arrived at the residence at the same time as the officers. Upon gaining the second floor of the apartment, officers observed the defendant Darnell reentering the bedroom through a window. He had just gone out of that window and had been seen by an officer who had remained outside. This officer instructed Mr. Darnell to return to the interior of the premises.
In the execution of the warrant, the officers located paraphernalia for use in smoking marijuana including pipes, rolling papers, a rolling stone, hemostats and clips. Additionally, on the floor of the relatively small bedroom officers found an ashtray containing loose marijuana in a plastic bag, a set of scales apparently capable of weighing up to 600 grams, and a couple of boxes of ziplock sandwieh bags. Found in the *1220 bathroom immediately adjacent to the bedroom were nine baggies of marijuana, along with some large stems and leaves, which were all wrapped in a newspaper. The newspaper had been placed in the commode and the commode lid was down. The nine baggies of marijuana weighed approximately four to five ounces. Expert testimony indicated this quantity was capable of yielding approximately 280 cigarettes.
Viewing these facts in the light most favorable to the prosecution, it appears that when the officers arrived Mr. Darnell was in the process of trimming and packaging marijuana for sale. The number of plastic bags, their location in proximity to the scale and the marijuana, the fact that only four to five ounces of the substance were packaged in nine separate bags, when considered with the defendant Darnell’s actions in attempting to dispose of the substance and flee upon the arrival of the officers, all strongly indicate that the defendant was interrupted in the process of packaging the marijuana for sale. We therefore affirm the conviction of the defendant Darnell. Jackson v. Virginia, supra; State v. Chism, 486 So.2d 464 (La.1983).
However, the defendant Barmore presents a different circumstance. The evidence with respect to her is that the marijuana scales and baggies were out on the floor of her bedroom and the man with whom she lived was in the process of bagging this marijuana while she was not at home. During her testimony Ms. Barmore conceded that she used marijuana for personal consumption. She stated that some of the marijuana was kept in the house and some of it was kept outside.
The most damaging evidence to the defendant Barmore’s position is her testimony concerning the plastic bags. She initially stated that they were used to store vegetables and they were normally kept in the kitchen. During cross-examination, she testified that she had taken these bags upstairs for use in storing make-up, hairpins and the like. Considering the circumstances which the officers found in the bedroom when they arrived, this testimony seems suspect. It can be argued that it implies knowledge of the “bagging” operation on the part of this defendant. However, there are other explanations for this testimony to include the possibility that she was simply attempting to protect the man with whom she was living.
Therefore, we determine that under the circumstances of this case, i.e., the fact that the person with whom she was residing was cleaning and bagging marijuana in multiple bags in half-ounce quantities while she was not at home, even when coupled with her questionable testimony, are not sufficient even when viewed in the light most favorable to the prosecution to preclude the reasonable possibility that this defendant’s only connection with this marijuana was for personal use. Jackson v. Virginia, supra; State v. Chism, supra. However, it is obvious that the evidence with respect to her is sufficient to meet all of the elements of the offense of simple possession of marijuana. Accordingly, as to the defendant Barmore, we reduce the conviction of possession of marijuana with intent to distribute to a conviction for the offense of simple possession of marijuana and remand to the trial court for the purpose of resentencing that defendant. LSA-C.Cr.P. Art. 821 E.
Accordingly, the conviction of the defendant Darnell is affirmed, and the conviction of the defendant Barmore is reduced to that of simple possession of marijuana and her cause is remanded to the trial court for resentencing.